UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. *ex rel.* JOSEPH EARL PERRY,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>PACIFIC MARITIME INDUSTRIES CORP., HARCON PRECISION METALS, INC., and JOHN ATKINSON,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 13cv2599-LAB (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PERRY'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

　　　Joseph Earl Perry brought this *qui tam* action under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, alleging violations by two government contractors—Pacific Maritime Industries Corporation and Harcon Precision Metals, Inc.—and their president, John Atkinson. Defendants filed a motion to dismiss, and the Court granted it in part and denied it in part. (Docket no. 16.) Former Counts I (NASSCO contract), IV (Coast Guard metal joiner door contract), V (Austal locker contract), and VII (chair contract) were dismissed with leave to amend. (*Id.*) Perry has since moved for leave to file an amended complaint. (Docket no. 17.) There, Perry voluntarily dismisses former Count IV and adds to his previous complaint with respect to former Counts I, V, and VII (now Counts I, IV, and VI). (*Id.*) Defendants oppose Perry's motion to file an amended complaint. (Docket no. 19.)

///

**NASSCO Contracts**

Perry's initial complaint alleged that the NASSCO contracts required Defendants to supply doors that meet specific testing criteria and that are fabricated using specific adhesive. The Court dismissed it, explaining:

- Perry's reliance on Drawing No. 804-4623540 is misplaced because it applies to metal joiner bulkheads, and not to doors, and is therefore inapplicable to Perry's allegations;
- Perry didn't explain the testing requirement, so his "testing allegation boils down to a citation to a drawing number and an unexplained claim that Defendants didn't follow the drawing";
- He alleged the misrepresentations were made in a certificate of conformance, but "nowhere does Perry indicate when the certificate of conformance was delivered or what it said Defendants had done to meet the contractual requirements. Nor does Perry allege the identity of the individuals engaged with falsifying the certificate"; and
- "[L]ike his testing allegation, Perry's adhesive allegation is nothing more than a citation to a drawing number and an unexplained claim that Defendants didn't follow the drawing."

(Docket no. 16 at 6-9.)

Perry's amended complaint expands on his initial allegations. It adds that Defendants' contracts were for both doors and bulkhead panels. (Docket no. 17-1 at ¶¶ 16-19.) It specifies the alleged testing requirement: "Tests must be performed with passing results on at least one door and panel, and if all other doors and panels are fabricated using the same fabrication process it is deemed that all doors and panels have met the testing requirements." (*Id.* at ¶ 18.) It explains that Perry learned from several named people involved with the process that "Defendants did not perform the testing requirements as called for by the contracts and failed to include use of the approved adhesive required by the contracts." (*Id.*) While the amended complaint is light on details regarding the content of the alleged

certificates of conformance, it alleges "reliable indicia that lead to a strong inference that claims were actually submitted." *U.S. ex rel. Brown v. Celgene Corp.*, 2014 WL 3605896, at *9 (C.D. Cal. July 10, 2014). And, as a whole, the amended complaint is "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). Thus, Count I of the amended complaint meets Rule 9(b)'s mandate.

**Austal Locker Contract**

Perry's initial complaint alleged that Defendants submitted falsified documents indicating its Austal lockers met testing requirements when, in fact, the tested locker had failed. He alleged that: Defendants entered into the contract with Austal in August 2012; the contract required some unspecified testing; testing was performed on a locker, and it failed; Defendants' engineering manager and Atkinson instructed Perry to prepare falsified test documentation; Defendants obtained approval of the nonconforming lockers; and Defendants were paid for them. The Court dismissed this claim, explaining:

- "While [Perry] implies that certain contract drawings required some type of testing, and that one of the lockers failed a test, he doesn't explain what testing was required"; and

- Perry failed to allege "when the alleged fraudulent misrepresentation was made, who made the misrepresentation, how approval was secured, or even the content of the alleged misrepresentation."

(Docket no. 16 at 11-12.)

Perry's amended complaint adds that the previously unspecified shock test is the one specified in MIL-S-901D and that "based on [Perry's] experience while employed by Defendants Austal would not have permitted the lockers and cabinets to be installed aboard United States Navy ships without documentation evidencing that the lockers had passed the

/ / /

/ / /

required shock testing." (Docket no. 17-1 at ¶¶ 35, 42.) As with the amended NASSCO allegations, Count IV of the amended complaint provides minimally sufficient facts to satisfy Rule 9(b).

Arguing that, due to a typo, Perry's amended complaint references the wrong document number, Defendants urge the Court to take judicial notice of a drawing that isn't referenced in Perry's complaint. While Defendants' document indicates that MIL-S-901D isn't applicable to the Austal contract, because Defendants' drawing isn't referenced in the amended complaint, the Court sees no basis for accepting it as true at this stage.

**Chair Contract**

Perry contends Defendants were required to supply the Navy with chairs manufactured in the United States, but it supplied chairs manufactured in China. Perry alleges Defendants entered into the contract in April 2012 and that he learned of the requirement through Edward Pannek, an employee with the Defendants. (Docket no. 17-1 at ¶¶ 48, 49.) After that, the amended complaint descends into speculation. Perry alleges, on information and belief, that Defendants purchased chairs from China—but doesn't allege facts explaining why he thinks this. (*Id.* at ¶ 50.) Then he alleges, on information and belief, that only Atkinson could have approved the decision to misrepresent the chairs' country of origin—but he doesn't name even one person that was involved with the choice to purchase chairs from China. (*Id.*) And he provides absolutely no details about the allegedly falsified documents that he alleged Defendants supplied to the government. (*Id.* at ¶ 51.)

It's tough to square Perry's allegations of serious wrongdoing with his utter inability to provide facts about the alleged wrongdoing. Perry appears to have anticipated the Courts' concern, explaining that he hasn't been employed by Defendants for almost three years and he didn't take any documents upon his departure. (Docket no. 17 at 3.) He assures the Court that he's "confident that, through the discovery process, a number of those documents from Defendants' records, or their absence where such records are required to be retained, will assist him in establishing the truth of allegations of facts set forth in his pleadings." (*Id.*) His confidence notwithstanding, without factual allegations identifying "the who, what, when,

where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false," Count VI of Perry's complaint fails to state a claim. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal brackets and quotation marks omitted).

**Dismissal of John Atkinson**

Defendants seek dismissal of Atkinson, contending he's not named in Perry's causes of action. But, Perry's factual allegations feature Atkinson prominently. (Docket no. 17-1 at ¶¶ 22, 27, 29, 37, 38, 39, 40, 47, 50.) Atkinson isn't dismissed.

**Conclusion**

Counts I (NASSCO Contracts) and IV (Austal Contract) in the proposed amended complaint sufficiently state a claim, but Count VI (Chair Contract) doesn't. Perry may file his amended complaint, excluding the allegations related to Count VI, no later than August 24, 2015.

**IT IS SO ORDERED**.

DATED: August 17, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge