# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH EARL PERRY,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC MARITIME INDUSTRIES CORP., et al.<br><br>Defendants. | CASE NO. 13cv2599-LAB (JMA)<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES AND COSTS [Dkt. 68]** |

Defendants have filed a Motion for Attorney's Fees and Costs in this *qui tam* action. For the reasons below, the motion is **DENIED**.

## Background

Plaintiff Joseph Earl Perry brought this action in 2013 on behalf of the United States under the False Claims Act, 31 U.S.C. § 3729 *et. seq.* The gist of Perry's claim was that two government contractors, Pacific Maritime Industries Corporation and Harcon Precision Metals, Inc., and their president, John Atkinson (collectively, "Pacific"), had tried to cheat the Navy on six separate contracts. In 2017, after several of Perry's claims had already been dismissed, the Court granted summary judgment in favor of Pacific on his remaining claims. As the prevailing party, Pacific then filed this Motion for Attorneys' Fees and Costs, which the Court deferred until Perry's appeal of this Court's decision was final. The Ninth Circuit affirmed the summary judgment ruling and granted Pacific's motion to transfer consideration of attorneys' fees on the appeal to this Court. This Court then ordered a two-phase fee application procedure, with additional briefing to determine the

appropriate amount of fees required only if entitlement was established in the first phase. Dkt. 60. Here, the Court considers only whether Pacific is entitled to fees.

**Legal Standard**

In actions brought under the False Claims Act, a court may award attorneys' fees against the plaintiff if "the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4). An action is "clearly frivolous" when the result is obvious or the arguments made are "wholly without merit." *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1006 (9th Cir. 2002). Additionally, an action is "clearly vexatious" or "brought primarily for purposes of harassment" when the plaintiff pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant. *Id.*

Wary that saddling whistleblowers with attorneys' fees will chill them from coming forward with evidence of corporate wrongdoing, the Ninth Circuit has expressed reluctance to grant such fees in the absence of "rare and special circumstances." *Id.* at 1007.

**Analysis**

Pacific does not contend Perry's claims are vexatious or brought for the primary purpose of harassment, instead arguing only that Perry's claims are clearly frivolous. But they are not.

The main basis for Pacific's argument that Perry's claims were clearly frivolous is that Perry failed to present adequate documentation or witnesses to support his claims, and only appealed two of the six claims that were dismissed. While Perry could have certainly done more to help himself, it's another thing to say his case was meritless simply because the evidence supporting his claims never fully materialized or because the eventual result was not in his favor. The Supreme Court has cautioned courts to resist the temptation to engage in *post hoc* reasoning that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. *See Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412,

421-22 (1978). Since a prospective plaintiff can seldom be sure of ultimate success from the outset of the case, "this kind of hindsight logic could discourage all but the most airtight claims." *Id.*

Mindful of the Supreme Court's admonition, the Court finds that Perry's claims—as weak as they may have ultimately been—were not frivolous. Two of Perry's claims failed not because his reading of the contract specifications was incorrect—indeed, in its summary judgment order the Court conceded that his reading may have been the better of the two—but because he failed to prove that Pacific *knowingly* misinterpreted the specifications. *See* Dkt. 54 at 4, 6. His inability to prove scienter did not undermine the suit as a whole and was not a "clearly frivolous" waste of time that rose to the level of a rare and special circumstance justifying an award of attorneys' fees. While Perry's claim was ultimately unsuccessful, it was not wholly lacking in legal merit, and doesn't justify the additional penalty of attorneys' fees. *See Boyd v Accuray, Inc.*, 2012 WL 4936591, at *4 (N.D. Cal. 2012) ("[A]lthough Plaintiff's claims were insufficient to withstand summary judgment, they were not clearly frivolous or vexatious."); *see also United States ex rel. Berg v. Honeywell Int'l, Inc.*, 2017 WL 1843688, at *2 (D. Alaska 2017) ("The fact that this Court granted summary judgment in favor of Honeywell does not mean the result was 'obvious' or that Relators' arguments were 'wholly without merit.'").

Pacific cites only two cases—both easily distinguishable—as authority for its point. At the same time, Pacific glosses over the fact that nearly all Section 3730(d)(4) claims are resolved in favor of *not* imposing fees. The cases relied on by Pacific do not meet the high bar for "rare and special circumstances."

The first case, *U.S. ex rel. J. Cooper & Associates, Inc. v. Bernard Hodes Group, Inc.*, 422 F. Supp. 2d 225 (D.D.C. 2006), is a district court case that wasn't decided under the same "rare and special circumstances" doctrine that governs in the Ninth Circuit. But even applying that heightened standard, *J. Cooper* is easily distinguishable. The court in *J. Cooper* dismissed the case on jurisdictional grounds almost immediately, finding that the plaintiff was not the direct source of the whistleblower information, a prerequisite for

bringing a *qui tam* action. *Id.* at 235-37. A reasonable plaintiff would have been aware of this jurisdictional requirement, making J. Cooper's decision to file suit anyway sanctionable under Section 3730(d)(4).

In *United States v. Safran Group, S.A.*, 2018 WL 558937 (N.D. Cal. 2018), the other case relied on by Pacific, the court granted attorneys' fees only for specific claims that were deemed to be clearly frivolous, rather than for the action as a whole. Allowing attorneys' fees to be apportioned by claim is antithetical to the "rare and special circumstances" doctrine, greatly increases the chances that whistleblowers will be taxed with fees, and thus decreases the chances of them pursuing claims in the first instance. It will also strain judicial resources by opening up nearly every failed claim under the False Claims Act to the possibility of a motion for attorneys' fees, even where many (but not all) of the allegations were strong. For these reasons, the Court rejects the tack followed in *Safran Group*.

In sum, while Perry's evidence fell short at summary judgment, it had a reasonable chance of success. Deeming his claims clearly frivolous is unwarranted and would likely discourage future whistleblowers from coming forward. Pacific's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: June 13, 2019

*[signature]*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge